The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
2. At trial, the parties agreed to stipulate to the following documents to be received into evidence.
 (a) Plaintiff's medical records concerning this North Carolina workers' compensation claim (IC File No. 567305), known as stipulated Exhibit No. 1.
 (b) Workers' compensation and medical records concerning plaintiff's Ohio workers' compensation claim (Ohio Claim No. 94-546557), known as stipulated Exhibit No. 2.
***********
Based upon all of the competent evidence adduced from the record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, a 55 year old chef, alleges that he injured his back on 18 August 1995 when he slipped and fell in the kitchen of his employer. There were no witnesses to the incident although Ms. Sonia Pellicciari, the owner of the company, subsequently saw plaintiff lying on the floor in the kitchen. Plaintiff sought medical treatment for his alleged condition and continued to see numerous physicians for his alleged back problems. Those providers' records are contained in stipulated Exhibit No. 1.
2. Plaintiff's claim was initially accepted as compensable on 11 October 1995, pursuant to an I.C. Form 60. Plaintiff gave the adjuster, Paige Mims, a recorded statement dated 1 September 1995 (defendant's Exhibit No. 9). There, plaintiff stated that he had never previously experienced a workers' compensation injury, that he had never previously filed a claim for workers' compensation benefits, and that he had never previously experienced any injuries to his back.
3. The Full Commission finds that plaintiff did not suffer a compensable injury as he alleges while working for defendant-employer and that his testimony is not credible based on the reasons set forth below.
4. Notwithstanding plaintiff's recorded statement testimony that he had never before experienced a workers' compensation injury, an injury to his back or filed a claim for workers' compensation benefits, plaintiff admitted at trial that he had, in fact, had a compensable injury to his lumbar spine on or about 15 December 1994 while working for Rosemont Country Club in Akron, Ohio. That compensable injury resulted in the payment of wage loss and medical benefits from the Ohio Bureau of Workers' Compensation. The existence of plaintiff's claim in Ohio was discovered by the adjuster for the employer's current servicing agent prior to trial and the entire file was stipulated into evidence at the hearing as stipulated Exhibit No. 2.
5. Contained in the Ohio file is an affidavit which plaintiff submitted to the Industrial Commission of Ohio dated 24 June 1997 for the purpose of obtaining further benefits in the Ohio claim. In that affidavit, plaintiff specifically states that "on 12/15/94, I injured my back as described in my initial injury application . . . I have not suffered from any other accidental injuries or trauma involving my back since the time of this injury . . . I have had pain and discomfort in my back on a progressive basis, ever since the time of my injury . . . [and] I have had no other work-related injuries." That affidavit, as well as plaintiff's admission that he signed such affidavit, is in direct contradiction with plaintiff having allegedly experienced a work-related injury while employed with defendant-employer on 18 August 1995.
6. The Full Commission additionally finds that plaintiff's testimony regarding his alleged North Carolina workers' compensation injury is not credible since plaintiff continued receiving Ohio Workers' Compensation benefits for the alleged disability as a result of the 15 December 1994 injury, until 14 June 1995, which is approximately three weeks after plaintiff had begun working for Casaldi's Cafe in Greensboro (on 6 May 1995). Additionally, plaintiff continued to receive medical treatment for his Ohio back injury from physicians in North Carolina up to, and even after he had his alleged injury at Casaldi's Cafe on 18 August 1995. Plaintiff did not inform those physicians treating his alleged North Carolina injury that he had previously suffered the Ohio injury.
7. The Full Commission additionally finds that plaintiff's testimony is not credible since, prior to his alleged injury with defendant-employer on 18 August 1995, he had already filed a claim under his personal insurance policy (No. HOA38429433) for disability benefits and that on 24 July 1995 plaintiff signed a release agreement allowing the State Farm Insurance Companies to obtain necessary information in order to determine whether plaintiff's disability claim would be accepted. (Defendant's Exhibit No. 5)
8. The Full Commission further finds that plaintiff's testimony regarding his alleged work-related injury in August 1995 is not credible since the injury which he alleges occurred two days after plaintiff received an unfavorable personnel review from his supervisor and company owner, Sonia Pellicciari.
9. The Full Commission further finds plaintiff's testimony regarding any injury and disability he allegedly suffers from the North Carolina injury, as not credible since substantial private investigative testimony and videotaped surveillance show that subsequent to the alleged injury on 18 August 1995, plaintiff has performed such strenuous physical activities as washing his car, bending over to clean the wheels of his car, carrying items and jogging.
10. Lastly, the Full Commission finds that plaintiff's testimony regarding the alleged North Carolina workers' compensation injury is not credible since a stipulated medical record dated 13 May 1997 from Dr. R. D. Holmberg, a Greensboro neurosurgeon with whom plaintiff was treating as a result of his December 1994 Ohio claim, states that plaintiff's back problems, including disk herniation from which he allegedly suffers is related to his "workers' comp related injury dated 15 December 1994 when he slipped at work [in Ohio]."
11. The Full Commission finds that plaintiff made material misrepresentations which were both intended to and did deceive defendant and its servicing agent for the purposes of obtaining benefits under the North Carolina Workers' Compensation Act.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
Plaintiff did not experience a compensable injury by accident incident while working for defendant-employer on August 18, 1995. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff's claim for benefits in this case is DENIED.
2. This matter is to be referred to the North Carolina industrial Commission's Fraud Unit for further investigation.
3. Each side shall bear its own costs.
This 5th day of April 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER